# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION

#### DOCKET NO. 3:08-cv-530-FDW

| | | |
|---|---|---|
| CELANESE ACETATE, LLC, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| LEXCOR, LTD., | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

THIS MATTER comes now before the Court upon Defendant's Motion for Reconsideration pursuant to Rule 59 of the Federal Rules of Civil Procedure (Doc. No. 25). Defendant previously moved to dismiss Plaintiff's Complaint for lack of personal jurisdiction. The Court denied Defendant's Motion on July 8, 2009, essentially holding that the forum-selection clause signed by the parties operated as an effective waiver to any personal jurisdiction objections. Defendant filed its Motion for Reconsideration on July 27, 2009. Defendant's Motion is DENIED because this Court no longer has jurisdiction under Rule 59 to alter or amend its Order.

Rule 59(e) of the Federal Rules of Civil Procedure states, "A motion to alter or amend a judgment must be filed no later than 10 days after the entry of the judgment." After excluding the date of the Order as per Rule 6(a)(1) and intermediate Saturdays and Sundays as per Rule 6(a)(2), any motion for reconsideration pursuant to Rule 59 was due on or before July 22, 2009.

In some circumstances, however, Rule 6(d) of the federal rules provides three additional days. Rule 6(d) states, "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would

otherwise expire under Rule 6(a)." If Rule 6(d)'s three-day extension applies, Defendant's Motion

is timely. If it does not apply, Defendant's motion is untimely and may not be entertained by the

Court.

Courts and commentators are uniform in their rejection of any application of Rule 6(d)'s

three-day extension to Rule 59's ten-day limitation. The United States Court of Appeals for the

Third Circuit addressed this issue extensively, noting:

> It is . . . clear that the critical point for measuring the timeliness of a 59(e) motion is
> not the date of service, but the date that the judgment is entered. Every court to
> consider the argument that Rule 6(e)[1] extends the Rule 59(e) time limit by three days
> has rejected such an argument.
>
> . . . .
>
> . . . [T]he clear language of Rule 6(e) demonstrates that it is not applicable to
> Rule 59(e). Rule 6(e) applies to cases where the time limit is measured from the
> "date of service," whereas Rule 59(e)'s time limit is measured from the "entry of
> judgment." . . . The explicit language of the rules contradicts an interpretation that
> the three-day extension should be added to Rule 59(e). Moreover, the policy behind
> the short time period in Rule 59(e) is to promote finality of judgments. Rule 6(b),
> which explicitly denies a court the power to extend the time for taking action under
> certain rules, was amended in 1946 to include Rule 59(e) because "there should be
> a definite point where it can be said a judgment is final."

Albright v. Virtue, 273 F.3d 564, 570-72 (3d Cir. 2001). As noted by the Third Circuit, every court

to address the issue has rejected the application of 6(d)'s three-day extension to Rule 59(e). See,

e.g., Pannell v. Johnson, No. 04-7259, 115 Fed. App'x. 645, n.2 (4th Cir. Dec. 15, 2004) ("Rule 6(e)

does not apply to time periods that begin with the filing in court of a judgment or order."); Halicki

v. Louisiana Casino Cruises, 151 F.3d 465, 468 n.2 (5th Cir. 1998) ("All other circuits to have

addressed this issue have found that rule 6(e) does not apply to rule 59(e) motions."); Parker v.

---

[1]The substance of current Rule 6(d) was found within Rule 6(e) prior to stylistic changes made in 2007.
See McCarty v. Astrue, 528 F.3d 541, 543 n.1 (7th Cir. 2008).

Board of Pub. Utils., 77 F.3d 1289, 1290-91 (10th Cir. 1996) ("[T]he ten-day period specified in Rule 59(e) is triggered by entry of the judgment, not by service of notice or other paper as contemplated by Rule 6(e)."); Derrington-Bey v. District of Columbia Dep't of Corrections, 39 F.3d 1224, 1225 (D.C. Cir. 1994) ("Mere quotation of Rule 6(e) shows why it is inapplicable to Rule 59(e) motions. The period for filing a Rule 59(e) motion does not—in the words of Rule 6(e)—begin with 'service of a notice.'"); Sieverding v. American Bar Ass'n, 466 F. Supp. 2d 224, 226 n.1 (D.D.C. 2006) ("Rule 6(e)'s three-day extension of time does not apply to Rule 59(e) motions."); Omega S.A. v. Omega Engineering, Inc., No. 3:01-cv-2104, 2005 WL 3307277, at *2 (D. Conn. Dec. 6, 2005) ("[T]he additional three days available under Rule 6(e) are not applicable to motions for reconsideration because their filing period commences on the date the decision is filed, not the date of service of any notice or paper.") Dowell v. Indiana Heart Physicians, Inc., No. 1:03-cv-1410, 2005 WL 552166, at *2 (S.D. Ind. Feb. 4, 2005) ("Several courts have faced precisely this question—whether a party filing and serving a Rule 59(e) motion is entitled to the extra three days under Rule 6(e). All circuits that have addressed the question have decided that the answer is no.").

Scholarly commentary also reflects the fact that Rule 6(d)'s three-day extension is inapplicable to Rule 59(e). See Charles Alan Wright & Arthur R. Miller, 4B Federal Practice & Procedure § 1171 (3d ed. West 2009) ("[T]he three days will be added under Rule 6(e) only when the period in question is measured from the service of a notice or other paper; the subdivision is inapplicable when some other act or event commences the time period, such as the entry of a judgment . . . ."); 1 James Wm. Moore et al., Moore's Federal Practice ¶ 6.05 (3d ed. Lexis 2009) ("The automatic three-day extension of Rule 6(d) applies only when a party's time to act is measured

from the date of service of a motion, notice, or other paper. There is no extension in connection with time periods that are keyed to some event other than service. Most notably, Rule 6(d) does not apply to time periods that run from the entry of judgment, such as the 10-day time period for a motion to alter or amend a judgment under Rule 59(e).").

Importantly, Rule 59(e)'s ten-day limitation is not one of prudence or discretion, but of jurisdiction. See Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 870 (3d Cir. 1994) ("[T]he ten-day period 'is jurisdictional, and cannot be extended in the discretion of the district court.'") (quoting Welch v. Folsom, 925 F.2d 666, 669 (3d Cir.1991)); Derrington-Bey, 39 F.3d at 1225 ("To be sure, 10 days for preparing and serving a motion to alter or amend a judgment, even 10 working days, is not much time. Yet there is no doubt that strict compliance is required. District courts do not have even the customary discretion given by Fed. R. Civ. P. 6(b) to enlarge the Rule 59(e) period."); see also Charles Alan Wright & Arthur R. Miller, 4B Federal Practice & Procedure § 1167 (3d ed. West 2009) ("[T]he time to move under Rule 59 . . . to alter or amend the judgment may not be enlarged by the district court."). Accordingly, the Court lacks the power to extend the ten-day time period prescribed by Rule 59(e) and may not entertain Defendant's Motion.

Defendant's Motion for Reconsideration, filed three working days after Rule 59(e)'s ten-day period expired, is therefore DENIED as untimely.

Defendant's alternative motion for a certificate of appealability is also DENIED. The issues raised in the motion are mainly issues of fact. For example, Plaintiff alleges that Defendant's attorney agreed to a month-to-month continuation of the relevant agreements. (Compl. ¶ 14, Doc. No. 1.). Defendant states in its Motion that this attorney "directly refuted such an allegation" in a

sworn affidavit. (Def.'s Mem., Doc. No. 26, at 6.) Factual disputes such as this are precisely the kind of dispute reserved for the trier of fact, not for the judge to resolve before discovery has even commenced. As such, the Court does not believe that immediate appeal would serve the purposes of 28 U.S.C. § 1292(b) and will not certify its Order for appeal.

IT IS SO ORDERED.                    Signed: July 28, 2009

Frank D. Whitney
United States District Judge