# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# DOCKET NO. 3:08-cv-00530-W

| | |
|---|---|
| CELANESE ACETATE LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | DEFAULT JUDGMENT |
| ) | |
| LEXCOR, LTD., ) | |
| ) | |
| Defendant. ) | |
| ) | |

THIS MATTER is before the Court on Plaintiff Celanese Acetate LLC's ("Celanese") Motion for Default Judgment (Doc. No. 42) against Defendant Lexcor, Ltd. ("Lexcor").

Based on the motion, the documents filed, the arguments of counsel at a hearing on March 24, 2010, and other matters or record, the Court finds and concludes as follows:

1. The Court finds that the procedural history of this case demonstrates that Defendant has appeared through counsel to defend the claims against it. On November 24, 2008, Plaintiff filed this Declaratory Judgment action (Doc. No. 1). The Verified Complaint and Summons were timely served on Defendant, a foreign corporation, on March 6, 2009 (See Docs. Nos. 10, 13). Through counsel, Defendant's first appearance was a request for an extension of time to file an answer (Doc. No. 11). Defendant filed a Motion to Dismiss for lack of Jurisdiction (Doc. No. 16), which was denied by this Court (Doc. No. 22) on July 8, 2009. Defendant subsequently submitted an Answer to the Complaint (Doc. No. 27). Defendant also filed a

response to Plaintiff's Motion to Enjoin (Doc. No. 29) and, through its counsel, appeared at a hearing before the Court to defend against such motion. Defendant has also appeared in other respects, including the submission of the jointly-prepared Certification of Initial Attorney Conference and Discovery Plan (Doc. No. 31), and a motion for extension of time (Doc. No. 35).

2. Following a motion by defense counsel (Doc. No. 36), the Court allowed defense counsel to withdraw and ordered that Defendant had fourteen days to secure replacement counsel (Doc. No. 37). To date, no counsel has appeared on behalf of Defendant.

3. On March 11, 2010, the Court entered a default by Order of Entry of Default (Doc. No. 41) against Defendant for failure to otherwise defend this action against Lexcor, a copy of which the Clerk mailed to Defendant at the addresses pursuant to said Order.

4. In that Order (Doc. No. 41), the Court found that Defendant's failure to obtain replacement counsel constitutes a failure of Defendant "to otherwise defend" in this action within the meaning of Rule 55(a) of the Federal Rules of Civil Procedure and constitutes a default.

5. To date, no replacement counsel for Defendant has filed an entry of appearance on behalf of Defendant and no response has been filed on behalf of Defendant to Plaintiff's Motion for Default Judgment. The record indicates that since its attorneys withdrew, Plaintiff has been served with pleadings at its last two known addresses of record.

6. The Order entering default also provided that Plaintiff may file a motion for Default Judgment in accordance with Rule 55(b) of the Federal Rules of Civil Procedure, which motion Plaintiff has filed and served with the Order of Entry of Default on Defendant as set forth on the certificate of service with the pending motion.

7. On March 24, 2010, the Court conducted a hearing on the Motion for Default Judgment, where the Court heard oral argument from Plaintiff. Defendant Lexcor neither attended the hearing nor filed any response to the Motion for Default Judgment.

8. The verified complaint filed November 24, 2008 (Doc. No. 1) by Plaintiff in this action seeks judgment against Defendant declaring that: (i) the Amended and Restated Representation Agreement of March 27, 1999, as subsequently amended and assigned to Defendant, represents the sole and governing agreement between Celanese and Lexcor related to sales of tow, flake, and related products; (ii) that Agreement was terminated pursuant to a letter by Plaintiff to Defendant dated July 27, 2006; and (iii) Defendant is entitled to no further payment or other consideration from Plaintiff for any reason.

9. Based upon the argument presented by Plaintiff's counsel at the hearing, the declaration of Robert H. Walters filed June 3, 2009 (Doc. No. 20), and the pleadings, Plaintiff is entitled to a default judgment entering the declaratory relief sought by its verified complaint filed November 24, 2008 (Doc. No. 1).

IT IS, THEREFORE, ORDERED, ADJUDGED AND DECREED that:

A. Plaintiff's Motion for a Default Judgment (Doc. No. 42) is hereby GRANTED;

B. Default judgment is hereby entered against Defendant Lexcor; and it is adjudged and declared that: (i) the Amended and Restated Representation Agreement of March 27, 1999, as subsequently amended and assigned to Defendant Lexcor, represents the sole and governing agreement between Plaintiff Celanese and Defendant Lexcor related to sales of tow, flake, and related products; (ii) that Agreement was terminated pursuant to a letter by Plaintiff Celanese to Defendant Lexcor dated July 27, 2006; and (iii) Defendant Lexcor is entitled to no further payment or other consideration from Plaintiff Celanese for any reason; and

C. The Clerk is DIRECTED to CLOSE the case.

IT IS SO ORDERED.

Signed: March 24, 2010

Frank D. Whitney
United States District Judge